LESLIE K. ICZKOVITZ # 2393
Law Offices of Leslie K. Iczkovitz
1350 Ala Moana Boulevard, Suite 1508
Honolulu HI 96814
Tel: (808) 523-8449
Fax: (808) 356-0832
Email: lesisko@aol.com

*Of Counsel*
Krohn & Moss, Ltd.
10474 Santa Monica Blvd, Suite 401
Los Angeles, CA 90025

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 30 2011

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

CV 11-00207-DAE-RLP

| | |
|---|---|
| DARRYN OKUNA, | Case No.: CV11 00207 DAE RLP |
| Plaintiff, | |
| v. | Hon. |
| RESURGENT CAPITAL SERVICES, | Plaintiff's Verified Complaint and Demand for Jury Trial |
| Defendant. | |

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DARRYN OKUNA ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, RESURGENT CAPITAL SERVICES ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

VERIFIED COMPLAINT                                                              1

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Hawaii, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Pearl City, Honolulu County, Hawaii and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Greenville, South Carolina.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant places constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places collection calls to Plaintiff from telephone number: 866-441-8831.

13. Defendant places collection calls to Plaintiff on telephone number: 808-282-9038.

14. Defendant started placing collection calls to Plaintiff in mid November 2010.

15. Defendant places collection calls to Plaintiff on a daily basis, sometimes calling up to four times in a single day.

16. Defendant is attempting to collect on a debt that has Plaintiff believes has been paid in full.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff in connection with the collection of a debt.

b) Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring and engaging Plaintiff in telephone conversations repeatedly.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

Dated: 3/29/11

By: _____
Leslie K. Iczkovitz, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DARRYN OKUNA hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF HAWAII)

Plaintiff, DARRYN OKUNA, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DARRYN OKUNA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/21/11

DARRYN OKUNA,
Plaintiff

VERIFIED COMPLAINT 5